ACCEPTED
03-15-00339-CV
8384348
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/28/2015 7:14:51 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00339-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/28/2015 7:14:51 PM
JEFFREY D. KYLE
Clerk

BEN MELTON,

Appellant

vs.

CU MEMBER'S MORTGAGE, a division of
COLONIAL SAVINGS, F.A., and FIRST WESTERN TITLE CO.

Appellees

On Appeal from the 340th District Court
of Tom Green County, Texas
Hon. Jay Weatherby Presiding
Trial Court Cause No. C103102C

APPELLANT'S REPLY BRIEF

Gregory Sherwood
Attorney
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
State Bar No. 18254600
Email: gsherwood@mail.com

Attorney on Appeal
for Appellant Ben Melton

**ORAL ARGUMENT REQUESTED**

## Table of Contents

Table of Contents .................................................................................. i

Index of Authorities ............................................................................. ii

Conclusion and Prayer for Relief ....................................................... 5

Certificate of Service ......................................................................... 6

Certification of Word Count Compliance ........................................... 6

Index of Authorities

Cases

*Washmon v. Strickland*, No. 03-08-00372-CV
(Tex. App. – Austin Feb. 26, 2010, no pet.) ....................................................... 2, 3

*Wood v. HSBC, U.S.A., N.A., et al*, Tex. Sup. Ct. No. 14-0714
(pet. granted 10-9-14, argued 12-8-15) ................................................................ 2


Rule

Tex. R. App. P. 9.4(i)(1) ....................................................................................... 6

# No. 03-15-00339-CV

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

BEN MELTON,

Appellant

vs.

CU MEMBER'S MORTGAGE, a division of
COLONIAL SAVINGS, F.A., and FIRST WESTERN TITLE CO.

Appellees

On Appeal from the 340th District Court
of Tom Green County, Texas
Hon. Jay Weatherby Presiding
Trial Court Cause No. C103102C

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

NOW COMES appellant BEN MELTON, who filed Appellant's Reply

Brief, respectfully stating as follows:

Appellees' Brief discusses why the four year residual statute of limitations

should apply to bar Melton's suit and support the summary judgment order.

1

However, Appellees' Brief fails to discuss the pending Texas Supreme Court case of *Wood v. HSBC, U.S.A., N.A., et al*, Tex. Sup. Ct. No. 14-0714 (pet. granted 10-9-14, argued 12-8-15), which may alter the law in this area. One of the questions asked during oral argument was whether the legal injury occurred on the date that the loan closed (as the law currently states) or on the date that the lender failed to cure any defects brought to the lender's attention. If the Texas Supreme Court holds that the triggering date for the statute of limitations is the date that the lender failed to cure any defects, then appellant Melton's suit is not barred by the four year residual statute of limitations, since the parties agree that his suit was filed exactly four years after the loan closed, and the notice of defect occurred after that date, or less than four years before suit was filed. The Texas Supreme Court may also hold that no statute of limitations applies. Additionally, appellant relies on his initial briefing to rebut the "lack of due diligence" argument asserted by appellees as a basis for granting summary judgment.

Appellees argue that standing has been shown by citing this court's unpublished memorandum opinion in *Washmon v. Strickland*, No. 03-08-00372-CV (Tex. App. – Austin Feb. 26, 2010, no pet.), a case involving a *pro se* appellant, in which the main point of contention was whether the entity conducting the foreclosure could do so when it did not have the original note, but only a copy

2

of the note. The *Washmon* case does not respond to Melton's argument at page 24 of Appellant's Brief that, "Appellees produced no summary judgment evidence to show that the Mortgagor (appellant Melton), was instructed to send payments to CU Member's Mortgage by the current mortgagee. In fact, Colonial Savings, F.A. claimed to be the Mortgage Servicer. Affidavit of Amily Sauceda, CR 66, ¶ 7."

The Notice of Default with Intent to Accelerate, CR 96, relied upon at page 15 of Appellees' Brief, does state that, "CU Members Mortgage, a division of Colonial Savings, F.A., is acting as the Mortgage Servicer for COLONIAL SAVINGS, F.A., who is the Mortgagee of the Notes and Deed of Trust associated with [Melton's] real estate loan." CR 96. However, this is contradicted by Amily Sauceda's affidavit, CR 66, ¶ 7, which states that Colonial Savings, F.A. is the mortgage servicer, as discussed at page 24 of Appellant's Brief. *Washmon* is distinguishable because in that case, it was uncontested that Washington Mutual Bank was the entity named on the Assignment of Deed of Trust, whereas in this case, it is Colonial Savings, F.A. that is named as the mortgage servicer, not CU Member's Mortgage, a division of Colonial Savings, F.A. Furthermore, there is no summary judgment evidence that Ben Melton was ever instructed to send mortgage payments to CU Member's Mortgage itself, as opposed to Colonial Savings, F.A. or some other entity.

3

Ms. Sauceda's affidavit also states that, "Colonial [Savings, F.A.] . . . is responsible for the servicing of the loan agreement at issue . . . .  Colonial [Savings, F.A.] is the attorney-in-fact and servicer-in-fact for Federal National Mortgage Corporation ("Freddie Mac") with respect to the mortgage loan at issue involving [appellant Melton] as borrowers.  Freddie Mac is the owner and holder of the Note at issue. . . ."  CR 64-65, ¶ 2.  Appellees seem to think that Colonial Savings, F.A. and CU Member's Mortgage are the same entity, as both corporate structures are cited in Appellees' Brief, in the summary judgment motion, and in Ms. Sauceda's affidavit with the abbreviation "Colonial."  Compare CR 64, ¶ 2, using "Colonial" to mean Colonial Savings, F.A., with CR 65, ¶ 5, using "Colonial" to mean CU Member's Mortgage, a division of Colonial Savings, F.A.  While Ms. Sauceda's affidavit states that, "CU Members Mortgage is a division of Colonial Savings, F.A. and not a separate or distinct entity[,]" CR 65, ¶ 5, this is insufficient summary judgment evidence to show that CU Member's Mortgage, the party in this appeal, had standing, since there is no summary judgment presented that Melton was ever instructed to send mortgage payments to CU Member's Mortgage.

Appellees also argue at page 16 of Appellees' Brief that standing is shown by the filing in the Tom Green County Clerk's Office of an Assignment of Deed of

4

Trust, CR 94, in June 2013, about three months after the underlying suit was filed. However, this document states that "Mortgage Electronic Registration Systems, Inc., as Nominee for CU Members Mortgage, a Division of Colonial Savings, F.A.," is the Assignor, and that "Colonial Savings, F.A., a Federal Association," is the Assignee. Colonial Savings, F.A. is not a party to this lawsuit, and since it is the Assignee, not CU Member's Mortgage, this document cannot be a basis for showing that appellee CU Member's Mortgage had standing to obtain summary judgment and seek foreclosure on the home equity loan.

Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, appellant Ben Melton prays that this court reverse the trial court's order granting summary judgment and order for attorney's fees. If this court affirms in part and reverses in part, appellant prays that this court vacate the order for attorney's fees and remand to the trial court for a determination of what portion of attorney's fees are attributable to the portion of this appeal that this court affirms. Appellant Ben Melton also prays for his costs of court, both in this court and in the court below, and for general relief.

Respectfully submitted,


 /s/ *Gregory Sherwood*

GREGORY SHERWOOD
Attorney at Law
P.O. Box 200613
Austin, Texas 78720-0613
(512) 484-9029
State Bar No. 18254600
Email: gsherwood@mail.com

Attorney on Appeal
for Appellant Ben Melton

Certificate of Service

I hereby certify that a true copy of this document was served on December 28, 2015, by email sent by undersigned counsel, upon the attorney for appellees in this appeal: Mark Cronenwett, Mackie Wolf, Zientz & Mann, PC, 14150 N. Dallas Parkway, Suite 900, Dallas, Texas 75254, email: mcronenwett@mwzmlaw.com.


 /s/ *Gregory Sherwood*

Certification of Word Count Compliance

According to the WordPerfect program used to create this document, there are 961 words in this brief, excluding the portions listed in Tex. R. App. P. 9.4(i)(1).


 /s/ *Gregory Sherwood*